UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEERLESS NETWORK, INC., *et al.*, | ) |
| *Plaintiffs*, | ) ) ) No. 14 C 7417 |
| vs. | ) ) Judge Thomas M. Durkin |
| MCI COMMUNICATIONS SERVICES, INC., VERIZON SERVICES CORP., and VERIZON SELECT SERVICES, INC., | ) ) ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

On March 16, 2018, the Court entered a Memorandum Opinion and Order granting in part Peerless's motion for partial summary judgment. R. 243. On July 27, 2018, the Court entered final judgment on Counts I through V in favor of Peerless in the amount of $48,456,131.66 and entered a declaratory judgment on Count XI. R. 270. On August 7, 2018, the Court granted Verizon's motion for approval of supersedeas bond and stayed judgment as to Counts I through V pending appeal. R. 277. The parties now dispute whether the declaratory judgment on Count XI can similarly be stayed pending appeal.

Verizon has filed a motion to stay under Federal Rule of Civil Procedure 62(d). R. 278. Peerless has filed a separate motion to enforce the judgment under Rule 70. R. 299. For the following reasons, the Court denies Verizon's motion and grants Peerless's motion.

**Analysis**

**A. Verizon's Motion to Stay Declaratory Judgment Under Rule 62**

"Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain an automatic stay of execution of judgment pending appeal by posting a bond." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). In general, Rule 62(d) is applied only to money judgments and in determining whether Rule 62(d) applies, the Court focuses on the nature of the relief ordered, not simply on the form of the judgment. *See Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (stating that "[t]he applicability of Rule 62(d) turns not on that distinction [between declaratory and money judgments], but on whether the judgment involved is monetary or nonmonetary," and concluding that since the district court's declaratory judgment bound a party to pay a "specific sum" of money, Rule 62(d) applied); *Donovan v. Fall River Foundry Co., Inc.*, 696 F.2d 524, 526 (7th Cir. 1982) (stating that Rule 62(d) procedure "makes little sense as applied to an order to do, rather than an order to pay"); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 309 (W.D.N.Y. 2009) (applying Rule 62(d) where the relief ordered was "indisputably monetary in nature: defendants were ordered to pay the plaintiffs money").

Peerless's Count XI claim for a declaratory judgment requested the Court to declare as follows:

> (a) Peerless has lawfully charged Verizon for services rendered in the provision of interstate access services, either pursuant to the Switched Access Agreement, Peerless' currently effective and duly filed federal Interstate Access Services tariff, or in accordance with the principles of equity.

2

> (b) Verizon has violated Peerless' currently effective and duly filed federal Interstate Access Services tariff, by refusing and failing to pay interstate access service charges and associated late fees, either as set forth in these tariffs or as established as a matter of equity.
>
> (c) Verizon is obligated to make timely payment of these charges and late fees as said charges become due.

R. 73 ¶ 102. In granting Peerless's declaratory judgment, the Court recognized that Verizon had asserted several counterclaims alleging that Peerless should have been billing for certain switched access charges at a different rate. R. 243 at 25-30, 29-31. The Court held that Verizon could not engage in self-help by unilaterally declaring Peerless's Tariff unlawful and then withholding payments required to be made under it without seeking either a court's or the FCC's declaration that the Tariff was unlawful. *Id.* at 34. Accordingly, the Court referred Verizon's counterclaims to the FCC and granted Peerless's Counts I through V for past-due charges.

Verizon now argues that the Court's order was an "order to pay" rather than an "order to do," implicating Rule 62(d)'s allowance of an automatic stay. The Court's order was not an order to pay. The declaratory judgment order declared Peerless's Tariff legally effective and ordered Verizon to comply with it. Although the holding inevitably orders Verizon to pay through its compliance with the Tariff, the Tariff governs the charges and how Verizon may dispute those charges. This is so because the amount charged by Peerless every month varies based on the quantity of calls routed through Peerless's network. As a result, the monetary value of the judgment cannot be easily calculated, precluding the availability of a stay. *See Frommert*, 639 F. Supp. 2d at 310 (listing cases turning on whether the declaratory judgment "can be calculated and secured with relative ease" for purposes of a stay under Rule 62(d)).

3

Further, a stay of the declaratory judgment may not adequately compensate Peerless. *See Hebert*, 953 F.2d at 938 ("Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment"). Peerless is required by law to exchange telephone calls with Verizon, regardless of whether Verizon pays the full amount charged under the Tariff. Peerless represents that Verizon has refused to pay a significant portion of the charges (almost 50%) and has refused to follow the dispute procedures outlined in the Tariff. As a result, Peerless is not fully compensated for the services it provides, despite the Tariff's deemed lawful status. Stay of the declaratory judgment would allow Verizon to continue withholding a significant amount of the charges without providing any reason to Peerless for its doing so. Verizon's motion to stay the declaratory judgment is denied.

### B. Peerless's Motion to Enforce Judgment Under Rule 70

In conjunction with Verizon's motion to stay the declaratory judgment action, Peerless filed a motion to enforce the judgment under Rule 70. Rule 70 allows the Court to order Verizon to comply with its previous order. Fed. R. Civ. P. 70(a). The Rule also allows the Court to hold Verizon in contempt for its failure to comply. Fed. R. Civ. P. 70(e).

Verizon does not substantively dispute Peerless's motion to enforce the judgment. Instead, it argues that Peerless's motion is premature because if the Court denies Verizon's motion to stay, it will "of course" abide by the declaratory judgment

4

and not withhold payment based upon the disputes Verizon raised in its counterclaims. R. 301 at 5. Verizon has had numerous opportunities to comply with the Tariff and has consistently failed to do so. In fact, the crux of Peerless's lawsuit and the Court's order on summary judgment concerned this very conduct. Verizon's continued attempt to delay paying Peerless for services Peerless has already provided necessitates granting Peerless's motion to enforce.

However, that does not mean Verizon must pay whatever amounts Peerless bills without any basis in the Tariff or the services provided. But if Verizon chooses to dispute any portion of the invoice, it must dispute those charges in accordance with the Tariff's terms. That includes providing Peerless with a timely notice of what the disputed charges are with "sufficient documentation to investigate the dispute, including account number under which the bill was rendered, the date of the bill, and the specific items on the bill being disputed." R. 301-2, Peerless Tariff No. 4, Section 3.6.3(A).[1] If the parties still cannot reach an agreement, Verizon may file a complaint with the FCC. As the Court stressed in its summary judgment order, however, Verizon may not continue to withhold payment on a unilateral basis.

The parties also dispute whether Verizon must comply with the Tariff's terms for the period between February 6, 2018 (the judgment encompasses stipulated damages through the invoice dated February 5, 2018), and August 10, 2018 (the date

---

[1] According to that section, "[a]ll bills are presumed accurate, and shall be binding on the Customer unless notice of the disputed charge(s) is received by the Company within 90 days (commencing 5 days after such bills have been mailed or otherwise rendered per the Company's normal course of business)."

the declaratory judgment went into effect). Verizon attempts to avoid paying the disputed charges during those months *at all* through procedural technicalities. *See* R. 301 at 7-8. Verizon argues that the final judgment amount included only charges through February 5, 2018 and that the Court lacks jurisdiction to amend that amount to include later dates. It also argues that the declaratory judgment did not go into effect until August 10, 2018 and therefore, it is not obligated to follow the Court's order before that date. Verizon's argument reflects another attempt to avoid paying Peerless for services Peerless has already provided through a filed Tariff (which Verizon chose not to contest during the appropriate period). While the Court will not add those charges to the bond, it orders Verizon to follow the dispute procedures as discussed in the Tariff for those charges as well. Verizon's attempt to avoid those charges altogether is not taken in good faith.

If Verizon continues to evade the Tariff's terms, the Court will hold a show cause hearing to demonstrate why Verizon should not be held in contempt for continuously failing to comply with the Court order regarding Peerless's Tariff. Peerless's motion to enforce is therefore granted.

## Conclusion

For the foregoing reasons, the Court denies Verizon's motion to stay the declaratory judgment (R. 278). The Court grants Peerless's motion to enforce judgment (R. 299).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 17, 2018